# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 27, 2016

* * * * * * * * * * * * * *⁣  
JEFFREY LAND,  

            Petitioner,  

v.  

SECRETARY OF HEALTH  
AND HUMAN SERVICES,  

            Respondent.  
* * * * * * * * * * * * * *

UNPUBLISHED

No. 12-474V

Chief Special Master Dorsey

Respondent's Proffer on Award of Compensation; Trivalent Influenza ("flu") Vaccine; Acute Inflammatory Polyneuropathy.

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Michael P. Milmoe</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON RESPONDENT'S PROFFER[1]

On July 27, 2012, Jeffrey Land ("petitioner") filed a petition under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed acute inflammatory polyneuropathy as a result of receiving the trivalent influenza ("flu") vaccination on October 28, 2010. Petition at 1. The undersigned issued a decision awarding entitlement on May 13, 2014.

On April 27, 2016, respondent filed a proffer regarding damages. Respondent engaged the life care planning services of Shelly Kinney, MSN, RN, CCM, CNLCP. Respondent proffers that, for his vaccine related needs, petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached hereto as Appendix A. The

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

undersigned finds the proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties agree that petitioner shall receive the following compensation:

a. **A lump sum in the amount of $356,808.84**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,328.21), partial lost earnings ($157,603.00), pain and suffering ($175,000.00), and past unreimbursed expenses ($10,877.63), **in the form of a check payable to petitioner, Jeffrey Land**.

b. **An amount sufficient to purchase an annuity contract**, subject to the conditions described in the proffer, which will provide payments for the life care items contained in the life care plan as illustrated by the chart attached here as Appendix A, paid to the life insurance company from which the annuity will be purchased.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JEFFREY LAND, | |
| Petitioner, | |
| v. | No. 12-474V |
| | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND | ECF |
| HUMAN SERVICES, | |
| Respondent. | |

<u>**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**</u>

I.      <u>**Items of Compensation**</u>

A.      <u>Life Care Items</u>

Respondent engaged life care planner Shelly Kinney, MSN, RN, CCM, CNLCP to

provide a life care plan for Jeffrey Land's current and future vaccine-injury related needs.  For

the purposes of this proffer, the term "vaccine related" is as described in the Chief Special

Master's Ruling on Entitlement, filed May 13, 2014.  All items of compensation identified in the

life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A:

Items of Compensation for Jeffrey Land, attached hereto as Tab A.[1]  Respondent proffers that,

for his vaccine related needs, Jeffrey Land should be awarded all items of compensation set forth

in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.      Lost Earnings

The parties agree that based upon the evidence of record, Jeffrey Land will suffer a loss of earnings in the future.  Therefore, respondent proffers that Jeffrey Land should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Jeffrey Land's lost earnings is $157,603.00.  Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that Jeffrey Land should be awarded $175,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $10,877.63.  Petitioner agrees.

E.      Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against him.

II.    **Form of the Award**

The parties recommend that the compensation provided to Jeffrey Land should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  A lump sum payment of $356,808.84, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,328.21), partial lost earnings ($157,603.00), pain and suffering ($175,000.00), and past unreimbursable expenses ($10,877.63), in the form of a check payable to petitioner, Jeffrey Land.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jeffrey Land, only so long as Jeffrey Land is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

1.      <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.      <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Jeffrey Land, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jeffrey Land's death.

3.      <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

III.    **<u>Summary of Recommended Payments Following Judgment</u>**

A.      Lump Sum paid to petitioner, Jeffrey Land:                **$356,808.84**

B.      An amount sufficient to purchase the annuity contract described
        above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

  s/*Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4125

Dated: April 27, 2016

**Appendix A:  Items of Compensation for Jeffrey Land**                                    Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-10 | Compensation Year 11 | Compensation Years 12-20 | Compensation Year 21 | Compensation Years 22-23 | Compensation Years 24-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2025 | 2026 | 2027-2035 | 2036 | 2037-2038 | 2039-Life |
| BCBS MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | |
| Medicare Part B Premium | 5% | | M | | | | | | | 1,461.60 |
| Medicare Part B Deductible | 5% | * | | | | | | | | |
| Medicare Adv Premium & MOP | 5% | | | | | | | | | 4,646.40 |
| Medicare Adv Rx Prem & Rx | 5% | | M | | | | | | | 1,886.22 |
| Counseling Eval | 4% | * | | | | | | | | |
| PT Eval | 4% | * | | | | | | | | |
| Counseling | 4% | * | | | | | | | | |
| Massage Therapy | 4% | | | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 | 360.00 |
| PT | 4% | * | | | | | | | | |
| Gym Membership & Capital Improvement Fee | 4% | | | 443.80 | 443.80 | 443.80 | 443.80 | 419.80 | 419.80 | 419.80 |
| CBC | 4% | * | | | | | | | | |
| CMP | 4% | * | | | | | | | | |
| Draw Fee | 4% | * | | | | | | | | |
| MRI Cervical Spine | 4% | * | | | | | | | | |
| MRI Thoracic Spine | 4% | * | | | | | | | | |
| MRI Lumbar Spine | 4% | * | | | | | | | | |
| Scooter | 4% | | | | | 1,645.50 | | 1,645.50 | 164.55 | 164.55 |
| Scooter Maint | 4% | | | | | 82.28 | 82.28 | 82.28 | 82.28 | 82.28 |
| Scooter Cover | 4% | | | | | 120.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Scooter Lift | 4% | | | | | 2,424.00 | | 2,424.00 | 242.40 | 242.40 |
| Cane | 4% | * | | | | | | | | |
| Walker | 4% | * | | | | | | | | |
| Ramp | 4% | | | 5,715.00 | | | | | | |
| Reacher | 4% | | | 27.94 | 27.94 | 27.94 | 27.94 | 27.94 | 27.94 | 27.94 |
| Baclofen | 5% | * | | | | | | | | |
| Cialis | 5% | * | | 720.00 | 720.00 | 720.00 | 720.00 | 720.00 | 720.00 | 2,070.00 |
| Gabapentin | 5% | * | | | | | | | | |
| Ibuprofen Rx | 5% | * | | | | | | | | |
| Percocet | 5% | * | | | | | | | | |

**Appendix A:  Items of Compensation for Jeffrey Land**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-10 | Compensation Year 11 | Compensation Years 12-20 | Compensation Year 21 | Compensation Years 22-23 | Compensation Years 24-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2025 | 2026 | 2027-2035 | 2036 | 2037-2038 | 2039-Life |
| Home Health Aide | 4% | | M | | | | | | | 19,760.00 |
| Ancillary Services at Home: Yard Work & Home Maint | 4% | | M | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| ER | 5% | * | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | |
| PCP | 5% | * | | | | | | | | |
| Urologist | 5% | * | | | | | | | | |
| Mileage:  Counseling Sessions | 4% | | | 18.24 | | | | | | |
| Mileage:  Neurologist | 4% | | | 36.10 | 36.10 | 36.10 | 36.10 | 36.10 | 36.10 | 36.10 |
| Mileage:  PT | 4% | | | 2.28 | 2.28 | 2.28 | 2.28 | 2.28 | 2.28 | 2.28 |
| Mileage:  PCP | 4% | | | 1.33 | 1.33 | 1.33 | 1.33 | 1.33 | 1.33 | 1.33 |
| Mileage:  YMCA | 4% | | | 39.52 | 39.52 | 39.52 | 39.52 | 39.52 | 39.52 | 39.52 |
| Grab Bars | 0% | | | 310.00 | | | | | | |
| Elevated Toilet Seat | 4% | | | 535.00 | | | | | | |
| Fiberglass Shower Stall/Seat | 0% | | | 919.00 | | | | | | |
| Lost Future Earnings | | | | 157,603.00 | | | | | | |
| Pain and Suffering | | | | 175,000.00 | | | | | | |
| Past Unreimbursable Expenses | | | | 10,877.63 | | | | | | |
| Annual Totals | | | | 356,808.84 | 5,830.97 | 10,102.75 | 5,973.25 | 10,018.75 | 6,356.20 | 32,460.42 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($13,328.21), lost earnings ($157,603.00), pain and suffering ($175,000.00), and past unreimbursable expenses ($10,877.63): $356,808.84.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.