# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 7, 2016

| | |
|---|---|
| * * * * * * * * * * * * * *<br>JEFFREY LAND,          *<br>                       *<br>      Petitioner,     *<br>                       *<br>v.                     *<br>                       *<br>SECRETARY OF HEALTH    *<br>AND HUMAN SERVICES,    *<br>                       *<br>      Respondent.     *<br>* * * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 12-474V<br><br>Chief Special Master Dorsey<br><br>Attorneys' Fees and Costs;<br>Unnecessary Billing By Multiple<br>Attorneys |

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Michael P. Milmoe</u>, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

The undersigned issued a decision awarding entitlement in the above captioned case on May 13, 2014. On April 27, 2016, respondent filed a proffer regarding damages, and the undersigned issued a decision awarding damages in accordance with the proffer the same day. Petitioner requests a total of $124,291.97 in attorneys' fees and costs. <u>See</u> Petitioner's Application ("Pet'r's App.") dated August 9, 2016 (ECF No. 126); Pet'r's Supplemental ("Supp.") App. dated September 7, 2016 (ECF No. 130). For the reasons set forth below, the undersigned GRANTS petitioner's motion and awards a total of $115,553.46 in attorneys' fees and costs.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

I.     **Procedural History**

On July 27, 2012, Jeffrey Land ("petitioner") filed a petition under the National Vaccine Injury Compensation Program[2] alleging that he developed acute inflammatory polyneuropathy as a result of receiving the trivalent influenza ("flu") vaccination on October 28, 2010. Petition at 1. On February 12, 2014, respondent filed a motion for a ruling on the record, and the undersigned issued a Ruling on Entitlement on May 13, 2014, finding that petitioner was entitled to receive compensation for his injuries. Ruling on Entitlement dated May 13, 2014 (ECF No. 54). The case then entered the damages phase and was referred to mediation on October 14, 2015. Respondent filed a proffer on April 27, 2016, and the undersigned issued a decision awarding damages in accordance with the proffer on the same day.

On August 9, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $86,676.60 in attorneys' fees, $36,883.02 in attorneys' costs, and $23.85 in petitioner's costs, for a total award of $123,583.47. Pet'r's App. at 1. Respondent filed a response on August 26, 2016, stating her belief that a reasonable amount of fees and costs in this case would be between $78,000.00 and $82,000.00. Respondent's Response ("Resp's Resp.") dated August 26, 2016 (ECF No. 128) at 4. Petitioners filed a reply on September 6, 2016, and a supplemental application for fees was filed the following day. In his supplemental application, petitioner requested $708.50. Pet'r's Supp. App. at 1.

This matter is now ripe for adjudication.

II.    **Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioner brought his petition in good faith and that there was a reasonable basis for his claim.

a.  **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d at 1347 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 1347-48.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1521. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### a. Unnecessary Time Billed By Multiple Attorneys

The undersigned has previously found it reasonable to reduce the fees paid to CHCC due to duplicative billing. See Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016) (reducing CHCC's overall fee award by ten percent due to excessive and duplicative billing); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); see also Sexton v. Sec'y of Health & Human Serv., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015) (reducing Mr. Homer's unnecessary and duplicative billings by one-half). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on the same case. CHCC often employs such a business model, but special masters have also reduced fees for other attorneys and law firms. See Sabella, 86 Fed. Cl. at 214-15 (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together).

The undersigned finds some of petitioner's requested fees unreasonable, unnecessary, and duplicative. At least seven CHCC attorneys worked on petitioner's case, including Mr. Homer, Mr. Conway, Ms. Ciampollilo, Mr. Pepper, Ms. Daniels, Ms. Fashano, and Ms. Chin-Caplan, in addition to law clerks and paralegals. Pet'r's App., Tab A. Petitioner has not provided a sufficient explanation as to why the involvement of this many attorneys in a single case is necessary.

CHCC also billed excessive time for intra-office communications, including case meetings and office memoranda. For example, Mr. Homer, Ms. Ciampollilo, Mr. Pepper, Ms. Chin-Caplan, law clerks, and paralegals all billed time for case meetings and discussions, often

billing time for the same meetings with each other.[3]  Additionally, CHCC spent multiple hours drafting and reviewing memos to each other about the case.[4]  Other special masters as well as the undersigned have found these practices unnecessarily duplicative.  See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

The undersigned has previously found that the reviewing of documents by multiple CHCC attorneys will lead to excessive billing.  See Lord, 2016 WL 3960445, at *7.  Like their practices in Lord, Mr. Homer and his associates billed excessive hours to review court orders and filing notifications and to edit work product for each other.  For example, in petitioner's fee application, there are at least 84 entries, totaling 8.40 hours, in which Mr. Homer billed time to review orders and notifications in this case.[5]  There are at least 70 entries, totaling 19.50 hours, in which CHCC attorneys and paralegals billed time to revise and edit each other's work product, including affidavits, motions, status reports, emails, client letters, and other filings.[6]  Many of these billings are unnecessary and duplicative, especially in light of the fact that another partner appeared to be the lead on the case.

For all of these reasons, the undersigned will reduce petitioner's requested attorneys' fees for CHCC by ten percent.  The undersigned reduces petitioner's requested attorneys' fees for CHCC by $8,738.51, and thus awards $78,646.59 in attorneys' fees for CHCC.

   b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests $36,883.02 in attorneys' costs and $23.85 in petitioner's costs.  Pet'r's App. at 1.  The requested attorneys' costs include the cost of the life care plan as well as for the expert testimony of Dr. Ahmet Hoke.  Pet'r's App., Tab B, at 94, 111.  Expenses are also included for the parties' site

---

[3] See Pet'r's App., Tab A, at 6, 8, 10, 11-12, 15, 17-18, 20, 23-25, 27, 29, 32, 34, 36-37, 40, 43, 47-49, 51, 60, 63, 72, 74, 76-78, 80-82, 84, 87, 91-92, 94, 98.

[4] See Pet'r's App., Tab A, at 19, 22, 24-25, 27-28, 30, 32-33, 35, 38, 41-42, 47, 53, 55, 57-58, 61, 68, 70, 73, 76-80, 86-87, 92, 94-95, 98-99, 102-103.

[5] See Pet'r's App., Tab A, at 8-11, 13-14, 16-18, 21, 24, 26, 28, 32, 34, 35-42, 44-45, 49-51, 60, 63, 66-73, 75, 77-82, 85, 88, 90, 92, 93-95, 97, 99-101.

[6] See Pet'r's App., Tab A, at 7, 9, 13, 18-19, 21, 24, 26, 30, 33, 39-40, 44-45, 55, 59, 62-63, 65, 70-72, 79-81, 83-84, 86-89, 98, 100

visit to petitioner's home.  Id. at 104.  Petitioner provided detailed time and expense sheets for all costs, and the life care planners and expert witness also provided detailed invoices.  The undersigned thus finds petitioner's requested attorneys' costs to be reasonable and will pay them in full.

### III.     Conclusion

The undersigned finds an award of attorneys' fees and costs appropriate in this case and awards petitioner the following amount of fees and costs:

**a. Petitioner**

| | |
|---|---|
| Personal Costs: | $23.85 |

**b. Conway, Homer, & Chin-Caplan, P.C.**

| | |
|---|---|
| Requested Attorneys' Fees: | $86,676.60 |
| Requested Supplemental Fees: | $708.50 |
| Requested Attorneys' Costs: | $36,883.02 |
| Reductions: | $8,738.51 |
| Attorneys' Fees Awarded: | $78,646.59 |
| Attorneys' Costs Awarded: | $36,883.02 |
| Total Attorneys' Fees and Costs Awarded: | $115,529.61 |

**Accordingly, the Court awards:**

a. **$23.85**, representing petitioner's personal costs.  The award shall be in the form of a check payable to petitioner, Jeffrey Land.

b. **$115,529.61**, representing attorneys' fees and costs.  The award shall be in the form of a check payable jointly to petitioner and Conway, Homer, & Chin-Caplan, P.C.

In the absence of a motion for review filed pursuant to the RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

/s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each part, either separately or jointly, filing a notice renouncing the right to seek review.